# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANIM SELIM, A# 208 097 266,<br><br>  144-32 35th Ave.<br>  Apt. C61<br>  Flushing, NY 11354<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Serve:  Office of the General Counsel<br>        Department of Homeland Security<br>        Mail Stop 3650<br>        Washington, D.C. 20528<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Serve:  U.S. Citizenship & Immigration<br>        Services<br>        425 I. Street, N.W., Room 6100<br>        Washington, D.C. 20536<br><br>ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security,<br><br>Serve:  Office of the General Counsel<br>        Department of Homeland Security<br>        Mail Stop 3650<br>        Washington, D.C. 20528<br><br>KENNETH CUCCINELLI, Director of the United States Citizenship and Immigration Services,<br><br>Serve:  U.S. Citizenship & Immigration | Case No. 1:21-cv-412 |

    Services
425 I. Street, N.W., Room 6100
Washington, D.C. 20536

and,

BRIAN J. MEIER, Director of the Queens Field Office of the United States Citizenship and Immigration Services,

Serve:  Brian J. Meier
        USCIS
        26 Federal Plaza
        New York, NY 10278

    Defendants.

## **COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S APPLICATION TO ADJUST STATUS**

Plaintiff Ranim Selim respectfully requests a hearing before this Honorable Court to make a determination on Plaintiff's application to adjust status, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's long-delayed application to adjust status.

## **PARTIES**

1.    Plaintiff Ranim Selim is a citizen of Egypt.

2.    Defendants granted asylum to Plaintiff on September 05, 2017.

3.    Ranim Selim filed a timely I-485 Application for Adjustment of Status on September 12, 2018. Defendants assigned Receipt Number LIN1890619127 to Plaintiff's case.

4.    USCIS completed the fingerprinting and photographing of Ranim Selim as part of the processing of the pending applications.

5.    Since then, the Defendants have taken no action on the pending adjustment application. The Defendants have refused and continue to refuse to conduct an interview on the

case.

6. Since Ranim Selim filed the applications with USCIS, Plaintiff has made repeated requests to have their case finally adjudicated.

7. Despite numerous calls to USCIS and Plaintiff's attempts to prompt movement on the case, Ranim Selim's application to adjust status has remained pending far longer than is reasonable.

8. USCIS has refused to adjudicate Ranim Selim's application in accordance with applicable legal criteria.

9. Plaintiff brings this action to compel the USCIS to finally adjudicate the pending applications as required by law.

10. Defendant Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the petition for alien relative provisions of the law and assisting the USCIS with background and security checks.

11. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing adjustment of status applications.

12. Defendant Alejandro Mayorkas, the Secretary of the DHS, is the highest ranking official within the DHS. Mayorkas, by and through his agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA"). Mayorkas is sued in an official capacity as an agent of the government of the United States.

13. Defendant Kenneth Cuccinelli, Director of the USCIS, is the highest ranking

official within the USCIS.  Cuccinelli is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Cuccinelli is sued in an official capacity as an agent of the government of the United States.

14. Defendant Brian J. Meier is the Director of the USCIS Queens Field Office and is sued only in an official capacity, as well as any successors and assigns. The Queens Field Office has jurisdiction over applications for adjustment of status for immigrants in Flushing , NY, where Plaintiff resides.  Meier is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Brian J. Meier is sued in an official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

15. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

16. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices within this district.

## FIRST CLAIM FOR RELIEF
**(Agency Action Unlawfully Withheld and Unreasonably Delayed)**

For the first claim for relief against all Defendants, Plaintiff alleges and state as follows:

17. Plaintiff realleges and incorporate by reference the foregoing paragraphs as though fully set out herein.

18. The APA requires that "[w]ith due regard for the convenience and necessity of the

4

parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

19. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

20. Plaintiff alleges that the application has been in administrative processing beyond a reasonable time period for completing administrative processing of the adjustment of status application.

21. The combined delay and failure to act on Ranim Selim's adjustment of status application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

22. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

23. Plaintiff has exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the USCIS via phone and InfoPass appointments.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For the second claim for relief against all Defendants, Plaintiff alleges and states as follows:

24. Plaintiff realleges and incorporate by reference the foregoing paragraphs as though fully set out herein.

25. The right to fundamental fairness in administrative adjudication is protected by

the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

26. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

27. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S. and in various other ways.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Ranim Selim requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Ranim Selim's application to adjust status within sixty days;

3. That this Honorable Court take jurisdiction of this matter and adjudicate Ranim Selim's application to adjust status pursuant to this Court's declaratory judgment authority;

4. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Ranim Selim;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action they may take to accelerate processing of the application to adjust status;

6. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

7. Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
**February 16, 2021**

***/s/ James O. Hacking, III***
James O. Hacking, III
Hacking Law Practice, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

**ATTORNEYS FOR PLAINTIFF**
**RANIM SELIM**
